UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| WILLIE LOWE, | |
| Plaintiff, | Civil Action No. 09-183-GFVT |
| v. | |
| DAN BALLOU, ET AL., | **MEMORANDUM OPINION** |
| | **AND ORDER** |
| Defendants. | |

\*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*

Plaintiff Willie Lowe is incarcerated at the Whitley County Detention Center in Williamsburg, Kentucky.  He has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 [R. 2] and has paid the $350 filing fee.  [R. 18.]

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915(e)(2).  *McGore v. Wrigglesworth*, 114 F.3d 601, 607 08 (6th Cir. 1997).  As Lowe is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious; (b) fails to state a claim upon which relief can be granted; or (c) seeks damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

**I.**

In his Complaint [R. 2], Lowe alleges that he is a pretrial detainee who has been falsely

accused of rape by the complaining witness, Matoka Hensley, whom he has named as a

defendant in this action.  Lowe alleges that the presiding judge, Judge Dan Ballou of the Whitley

Circuit Court, is biased against him based upon his appearance before the judge in earlier judicial

proceedings.  Lowe further alleges that Allen Trimble, the Commonwealth's Attorney who is

prosecuting the case, has presented DNA evidence in the case, but that it belongs to a different

person.  The Court has ordered Lowe to file an amended complaint further explaining the nature

of his claims, [R. 11], but the Amended Complaint Lowe has filed [R. 12] does not meaningfully

expand upon these allegations.  Lowe asks this Court to transfer his state criminal proceedings to

another court, to transfer him to a different jail, to release him on bond so that he may prove his

innocence, and to obtain a public apology from Judge Ballou.

## II.

Ordinarily, this Court possesses subject matter jurisdiction over federal civil rights claims

brought pursuant to Section 1983 under both the general federal question statute, 28 U.S.C.

§ 1331, and the specific jurisdictional grant of 42 U.S.C. § 1343(a)(3).  However, under certain

exceptional circumstances the Court must abstain from exercising that jurisdiction. In *Younger v.

Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that a federal court must abstain from

deciding a case that would be properly before it but for the pendency of state criminal

proceedings in the matter.  Where state judicial proceedings are ongoing, involve important state

interests, and provide an adequate opportunity to raise a constitutional challenge, abstention is

required.  *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001).  Here,

the criminal proceedings against Lowe remain ongoing, and Lowe retains the ability to present

challenges, constitutional or otherwise, before and during any trial or on appeal.  The Court is not

at liberty to interfere with proceedings before a state court, and abstention is plainly warranted

here. *Loch v. Watkins*, 2003 Fed.Appx. 0234 (6th Cir. 2003).

### III.

Accordingly, it is **ORDERED** that:

1.     Lowe's Motion to Proceed In Forma Pauperis [R. 17] is **DENIED AS MOOT.**

2.     Lowe's Complaint [R. 2] is **DISMISSED WITHOUT PREJUDICE**.

3.     The Court will enter an appropriate judgment.

This the 1st day of July, 2009.

**Signed By:**

*Gregory F. Van Tatenhove*

**United States District Judge**